224     APPELLATE COURTS OF ILLINOIS.

Husche, Jr., v. Chicago Iron & Metal Co., 195 Ill. App. 224.

after plaintiff files in the Appellate Court a motion to strike out the remanding portion of the order and, in support of the motion, admits of record that he would be unable to prove on any further trial that intestate "was in the exercise of ordinary care for his own safety either before or at the time of his injuries, besides, or in addition to the facts or circumstances, which were proven at the last trial of the cause," the remanding part of the order will be struck without regard to whether or not the other party consents thereto.

## Charles Husche, Jr., Appellee, v. Chicago Iron & Metal Company, Appellant.

### Gen. No. 20,959.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 15, 1915.

### Statement of the Case.

Conversion by Charles Husche, Jr., plaintiff, against Chicago Iron & Metal Company, a corporation, defendant. From a judgment by the court without a jury for plaintiff for $1,175, defendant appeals.

The evidence shows that in February, 1911, a fire occurred at the place of business of one A. L. Dawson, a dealer in secondhand machinery, by which the greater part of the machinery there located was so damaged as to render it unfit for further use as such. Plaintiff contended that such machinery was sold by Dawson to the defendant, a dealer in scrap iron, having two yards, known respectively as Halsted street and Lake street yards; that at the time of the fire, he had on consignment with the said Dawson a lot of secondhand laundry machinery which had been placed in merchantable condition by Dawson; that the fire rendered necessary the removal of the machinery from Dawson's premises; that defendant, in the course of the negotiations for the purchase from Dawson of what the de-

fendant designated as "machinery cast scrap," agreed to permit the said laundry machinery to be stored in its Lake street yard without reward; that in accordance with said agreement, said laundry machinery was taken to the yard of the defendant; that thereafter defendant refused to return it on demand and converted same to its own use.

Defendant contended that plaintiff did not show that this property ever came into its possession; further, that as to said property, even though it came into its possession, it was a bailee without reward, and the plaintiff failed to show by a preponderance of the evidence that the property was lost through the gross negligence of the defendant; and, finally, that the property in question was part of the property purchased from the said Dawson, and for which it had paid.

On behalf of the plaintiff, the testimony showed that shortly after the fire, Dawson called at defendant's place of business for the purpose of selling the machinery which had been rendered unfit for further use as such, and that he talked with one Santowsky, president of the defendant, who afterwards called at Dawson's premises; that Dawson showed him what he had for sale; that they discussed and arrived at terms of sale; that the sale was confirmed by letter from defendant to Dawson, a carbon copy of which was introduced in evidence and reads as follows:

"Phones: Monroe   156.   Yards: 817-819 W. Lake St.
            Monroe 4251.               732-734 W. Lake St.

Orders by mail or phone promptly attended to.
Chicago Iron & Metal Co.
Incorporated.
Wholesale Dealers in
Scrap Iron and Metals,
Second-Hand Machinery.
209-211-213 N. Halsted St.
Office: 213 N. Halsted St.

Chicago, Mar. 11, 1911.

Mr. A. L. Dawson,
　Chicago.

Dear Sir:

We hereby confirm purchase of all machinery cast scrap contained in building located number 217 N. Desplaines St. at $11.00 per net ton. We enclose our check for $50.00 to apply on account.

Very truly yours."

Plaintiff's evidence also shows that while the property sold was being taken away from Dawson's place of business, the said Dawson stated to Santowsky that there was certain laundry machinery there which would have to be removed; that he would like to find some place to leave it until he could make arrangements to dispose of it; that thereupon Santowsky stated that he might store same in defendant's yard, without any charge; that thereupon defendant hauled this laundry machinery to its Lake street yard, for which hauling a charge was made and paid by said Dawson; that in endeavoring to dispose of the property, he (Dawson) had occasion to call at defendant's yard five or six weeks afterwards, and saw the laundry machinery there; that thereafter he occasionally saw the property in the defendant's yard; that on a later occasion, within a year from the time it was moved there, he again visited the yard of the defendant but could not find the property; that thereafter he endeavored to see Santowsky but was unable to do so, but succeeded in seeing the bookkeeper, who stated he knew nothing about it; that thereupon letters were written on behalf of the plaintiff, asking information with reference to the property and requesting its return; that no answer was made or any explanation given as to its whereabouts or disposition; that the reasonable fair cash market value of said property was about $1,175.

On behalf of the defendant, Santowsky denied having had any conversation with Dawson relative to the stor-

age by defendant of the machinery in question. There was further testimony that all the machinery that was delivered either at its Lake street or at its Halsted street yard was part of the property purchased under the above letter, and had been paid for; that said laundry machinery, even though it was intact and usable, was considered as machinery cast scrap; furthermore, that no money was paid defendant for hauling the laundry machinery to its Lake street yard. While Santowsky denied having had a conversation with Dawson relative to the storage of this laundry machinery, he admitted that in a conversation with the said Dawson at the time of the negotiations that led up to the agreement embodied in the letter aforesaid, he (Dawson) stated: "All the machines that is there that have any good, we will take away, the rest we can pick out." There was no evidence on the part of the defendant as to the value of the property in question.

BERNARD MARGOLIS, for appellant.

GEORGE E. DAWSON, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

TROVER AND CONVERSION, § 39*—*when evidence sufficient to support verdict.* Evidence in action for conversion of laundry machinery examined and *held* sufficient to support verdict.

---

## Chalmers Motor Company of Illinois, Appellee, v. Edgar F. Seney, Appellant.

### Gen. No. 20,979. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed with statutory damages. Opinion filed October 15, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.